THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| DANIEL HERRERA,<br><br>                      Plaintiff,<br><br>v.<br><br>GARY HERBERT et al.,<br><br>                      Defendants. | **MEMORANDUM DECISION<br>& DISMISSAL ORDER**<br><br>Case No. 4:19-CV-46 DN<br><br>District Judge David Nuffer |

After Plaintiff filed this *pro se* civil rights suit, 42 U.S.C.S. § 1983 (2021), *in forma pauperis*, *see* 28 *id.* § 1915, Plaintiff was given two chances to amend his deficient complaints. (ECF Nos. 4, 31, 32, 35.) In the orders giving him those chances, Plaintiff was provided comprehensive and specific guidance on the complaints' deficiencies and how his allegations fell short. (ECF Nos. 31, 35.)

The most recent Order stated: "Plaintiff must . . . cure the amended complaint's deficiencies . . . by filing a document entitled, 'Second Amended Complaint,' that does not refer to or include any other document"; and "[i]f Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice." (ECF No. 35, at 8.) The most recent Order also stated:

> All defendants and claims should be included in a [second] amended complaint, if filed, and will not be treated further by the Court unless properly included. This is the second and FINAL order allowing Plaintiff to cure deficiencies. If a second amended complaint is filed, the Court will screen if for dismissal or service of process.

(ECF No. 35, at 8-9.)

The Second Amended Complaint, (ECF No. 38), has now been screened under statutory review authority, 28 U.S.C.S. § 1915A (2021).Dismissal is appropriate, for failure to state a claim upon which relief may be granted.

Plaintiff names the following defendants: David Angerhofer, Utah Department of Corrections (UDOC) contract attorney; James Campos, Utah Adult Probation and Parole agent/supervisor; Carrie Cochran, Utah Board of Pardons and Parole (UBOP) member; Spencer Cox, current Utah governor; Gary Herbert, former Utah governor; Brian Nielson, UDOC executive director; Chyleen Richey, UBOP member; and, Billy Walker, Office of Professional Conduct disciplinary officer. (ECF No. 38, at 1-4.) Plaintiff makes many allegations, none of which state a federal constitutional claim. There are many bases upon which Plaintiff's claims against Defendants must be denied.[1]

## ANALYSIS

### I. Standard for Sufficiency of a Complaint

When deciding if a complaint states a claim upon which relief may be granted, a court takes all well-pleaded factual statements as true and regards them in a light most favorable to the plaintiff. *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Dismissal is fitting when, viewing those facts as true, a plaintiff has not posed a "plausible" right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)*; Robbins v. Oklahoma*, 519

---

[1] Any allegations involving violative behavior against inmates or people, other than Plaintiff, are disregarded. Plaintiff lacks standing to bring claims on anyone else's behalf. *See Warth v. Seldin*, 422 U.S. 490, 498-99 (1975) ("As an aspect of justiciability, the standing question is whether the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf.").

F.3d 1242, 1247-48 (10th Cir. 2008). Plaintiff has the burden "to frame a 'complaint with enough factual matter (taken as true) to suggest'" entitlement to relief. *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556). When a civil rights complaint contains "bare assertions," involving "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," a court considers those assertions "conclusory and not entitled to" an assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (quoting *Twombly*, 550 U.S. at 554-55). In other words, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Red Hawk*, 493 F.3d at 1177 (italics in original).

     A court construes *pro se* "'pleadings liberally,' applying a less stringent standard than is applicable to pleadings filed by lawyers. Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citations omitted). The Tenth Circuit holds that, if pleadings can reasonably be read "to state a valid claim on which the plaintiff could prevail, [they should be read] so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, "the proper function of the district court [is not] to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998). Dismissing the complaint "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that the plaintiff could not prevail on the facts alleged,

and allowing him an opportunity to amend his complaint would be futile.'" *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

## II. An Affirmative Link Between Defendants and Many Claims is Not Present

The complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating each defendant's personal participation is essential allegation). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 F. App'x 757, 759 (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Plaintiff may not name an individual as a defendant based solely on supervisory status. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone is insufficient to support liability under § 1983). Nor does "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff . . . establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

### A. Defendants

Under these guidelines, it is clear that Plaintiff has done nothing to affirmatively link any of the defendants to his claims. He has not tied any material facts to them. Claims against Defendants may not survive without these links.[2] Defendants are therefore dismissed, as follows:

---

[2] Plaintiff was warned of this in the Court's earlier Order: The "Amended Complaint . . . does not affirmatively link constitutional violations to several named defendants." (ECF No. 35, at 2.) The Order went on to give detailed information on how to--in an amended complaint--affirmatively link defendants. (*Id.* at 5-6.)

**1. Claims against all defendants**. Conclusory allegations generally made against all defendants without factual specificity must be dismissed: Defendants "induced by . . . government officials to act in collusion with them for the purpose of illegal activity." (ECF No. 38, at 6.) "Defendants have been caught involved with criminal activity." (ECF No. 38, at 19, 21.) These allegations lack necessary specificity to properly state a claim.

**2. Defendant Angerhofer**. Allegations against Angerhofer do not suggest any federal constitutional cause of action.[3] They are that Plaintiff and Defendant Angerhofer had communications regarding legal research and a letter. (*Id.* at 12, 18, 23, 25-26.)

**3. Defendant Campos**. Allegations against Campos do not suggest any federal constitutional cause of action. These allegations are that Defendant filed an affidavit asserting "Plaintiff was a government entity, and that [Defendant] was in charge of government entity." (*Id.* at 6.) Plaintiff requested and received response from Defendant regarding disclosure of the affidavit. (*Id.* at 14-15.) .

---

[3]Alternatively, Defendant Angerhofer is not culpable under federal civil-rights law because, as a private attorney contracted by the UDOC to provide initial legal services for state prisoners, he is not a "state actor." First, though lawyers are generally licensed by states, "they are not officials of government by virtue of being lawyers." *In re Griffiths*, 413 U.S. 717, 729 (1973). Further, precedent holds that private contractors' acts do not become governmental acts under § 1983 by reason of their significant or even total involvement in executing the terms of public contracts. *Rendell-Baker v. Kohn*, 457 U.S. 830, 841 (1982). "[The Fourteenth] Amendment erects no shield against merely private conduct, however discriminatory or wrongful." *Shelly v. Kramer*, 334 U.S. 1, 14 (1948).

An earlier case decided in this Court is persuasive: *Smith v. Freestone*, Case No. 2:97-CV-944. A Report and Recommendation adopted in a dismissal order by the district-court judge, states, "Prison contract attorneys do not work under color of state law for purposes of § 1983." *See id.*, slip op. at 3 (D. Utah Aug. 20, 1998). The dismissal was affirmed by the Tenth Circuit, ruling that attorneys contracting with the state to provide legal help to inmates were not acting under "color of state law" in performing those duties. *Smith v. Freestone*, No. 99-4005, 1999 U.S. App. LEXIS 16766, at *2 (10th Cir. July 20,1999); *cf. Polk County v Dodson*, 454 U.S. 312, 321 (1981) ("[A] public defender is not amenable to administrative direction in the same sense as other employees of the State.").

A good final point: Like public defenders, Defendant works under canons of professional responsibility that govern his exercise of independent judgment on behalf of clients. "[T]he canons of professional ethics impose limits on permissible advocacy." *Dodson*, 454 U.S. at 323. In other words, every lawyer, whether privately retained or publicly appointed, is charged to avoid clogging the courts with frivolous claims. *See id*.

**4. Defendant Cochran**. Allegations against Cochran do not suggest any federal constitutional cause of action.[4] Plaintiff alleges: Plaintiff sent Defendant letter(s), but Defendant refused to disclose government records. (*Id.* at 13, 20, 22-25.) Defendant gave Plaintiff "a second rehearing" and recommended he "be seen by Mental Health." (*Id.* at 16.)

**5. Defendant Cox**. Plaintiff was warned of deficiencies against Defendant Cox in an earlier Order (ECF No. 35, at 2.), but has not heeded that warning. That order stated that the Amended Complaint, "appears to inappropriately allege civil-rights violations on respondeat-superior theory (e.g., Defendants Gary Herbert and Spencer Cox)." (*Id.*) Plaintiff alleges: Plaintiff sent Defendant letters about his second amended complaint and complaining about Defendants Cochran and Richey and requesting they be removed from their UBOP positions. (*Id.* at 21, 23-24.) As indicated above, Plaintiff may not name an individual as a defendant based solely on supervisory status. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone is insufficient to support liability under § 1983). Nor does "denial of a grievance, by itself without any connection to the violation of constitutional rights

---

[4]Another basis for dismissal of Defendants Cochran and Richey was noted in the Court's prior Order, (ECF No. 35, at 2), and regards their status as UBOP members. As to suits for money damages like this one, "Parole board members have absolute immunity from damages liability for actions taken in performance of the [b]oard's official duties regarding the granting or denying of parole." *Graham v. Waters*, 805 F. App'x 572, 578 (10th Cir. 2020) (unpublished) (quotation marks & citations omitted) (alteration in original). Plaintiff's complaint clearly identifies Cochran and Richey as UBOP members--"as such, they enjoy absolute immunity and damages are not available against these defendants under these circumstances." *Id*.

  Nor may Plaintiff sue these defendants for damages in their official capacities. *See id*. Though nominally brought against these state BOP members, Plaintiff's claim is in reality against the State of Utah. *See Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1232 (10th Cir. 2005) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985))). And "[n]either states nor state officers sued in their official capacity are 'persons' subject to suit under section 1983." *Duncan v. Gunter*, 15 F.3d 989, 991 (10th Cir. 1994) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989)). In sum, "the Eleventh Amendment provides immunity for the defendants in their official capacity against [Plaintiff's] claims for damages." *Graham*, 805 F. App'x at 578.

alleged by plaintiff . . . establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

**6. Defendant Herbert**. The allegation against Defendant Herbert is simple: Plaintiff sent Defendant a letter. (ECF No. 38, at 13.) The same analysis above applicable to Defendant Cox is also applicable to Defendant Herbert.

**7. Defendant Nielson**. Allegations made against Nielsen are: Plaintiff sent Defendant letters regarding Plaintiff's UBOP hearing and Defendant Angerhofer's "illegal activity." (*Id.* at 22, 25.) These allegations do not suggest any federal constitutional cause of action.

**8. Defendant Richey**. Plaintiff alleges that Defendant Richey "issued a tentative hearing notice for April, 2020." (*Id.* at 9.) This allegation does not suggest any federal constitutional cause of action.

**9. Defendant Walker**. The allegation that Plaintiff sent Defendant letter with a complaint against Defendant Angerhofer, (*id.* at 26), does not suggest any federal constitutional cause of action.

**B. Possible Allegations/Claims Not Linked to Named Defendants and Thus Invalid[5]**

Many allegations are not linked to any named defendant and cannot survive. These include:

1. "Government officials were involved in organizing, orchestrating, and or fabricating incidents, the charges, that plaintiff is presently in the custody of [UDOC], . . . for the purpose of

---

[5]Plaintiff was warned of this in the Court's earlier Order: "Amended Complaint . . . contains several allegations (e.g., fabricated disciplinary infractions; months-long insolation; shower, clothing, and phone denial; excessive force; failure to protect; inadequate medical treatment; sexual assault; classification and housing issues) to which defendants are not affirmatively linked." (ECF No. 35, at 2.)

sentencing plaintiff to the Utah State Prison, to be used as a tool, i.e. to entrap individuals/inmates, involved with illegal activity, and or violating the rules of [UDOC]." (*Id.* at 4, 27.)

2. "[I]ndividuals are involved in illegally installing device(s) into Plaintiff without his consent, and or knowledge. This device(s) are able to let [UDOC] know everything Plaintiff is seeing or hearing, which has resulted to psychological disorders, dysfunction and harassment by [UDOC] officials." (*Id.* at 5, 27, 30.)[6]

3. Plaintiff has been retaliated against, resulting in "CIRT officials physically assaulting him." (*Id.* at 5, 12.)

4. UDOC "officials organized, orchestrated, and or fabricated incidents, in which resulted to disciplinary infractions, where Plaintiff was found guilty and lock down, isolated for a long period of time, and fined excessive." (*Id.* at 5, 11.)

5. "Plaintiff was denied to shower for seven days, and not one time did medical provider visit him to see if he was alright." (*Id.* at 5, 10.)

---

[6]Alternatively, § 1915 grants this Court the power to "'pierce the veil of the complaint's factual allegations.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). Although Plaintiff's allegations must be viewed in his favor, "a court may dismiss a claim as factually frivolous . . . if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id.* at 32-33 (citations omitted). Accordingly, a determination of factual frivolousness is proper "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

Many of Plaintiff's assertions here fit these definitions of factual frivolousness. The fantastic claims in Plaintiff's Second Amended Complaint--for example, (a) about installation of surveillance technology in his eyes, which make them flicker; (b) Plaintiff's feelings that he was sexually assaulted while he was sleeping; and (c) descriptions of visions that make it seem that Plaintiff is confusing allegations of what he perceived in dreams or visions with what happened in reality--are patently unbelievable and irrational. Any such claims here must therefore be dismissed as factually frivolous. *See* 28 U.S.C.S. § 1915(e)(2)(B)(i) (2021).

6. "Plaintiff was denied state clothing for 3 months, and denied to call his family for 6 months; denied medical treatment all because he refused to cooperate with Corrections officials involved with illegal activity." (*Id.* at 5-6. 11, 13, 19, 20, 28.)

7. Transportation officer humiliated and harassed Plaintiff "by calling him a female."[7] (*Id.* at 9.)

8. Corrections officials "never responded" to "multiple grievances."[8] (*Id.* at 11.)

9. "Plaintiff had also seen multiple images of corrections officials walking into his cell sexually assaulting, sodomizing him and making threats to him of giving him a sex change while asleep." (*Id.*) "While housed in D-Block, Wasatch Building, Plaintiff had felt like he was being sexually assaulted, sodomized, by corrections official, while asleep." (*Id.* at 14.) Specific UDOC employee--not named as defendant--accused of sexually assaulting Plaintiff. (*Id.* at 15.)

10. "CIRT official(s) threaten to house plaintiff with a serial rapist . . . calling Plaintiff a cocksucker." (*Id.* at 12-13.)

11. UBOP "tampered" with its "own website" to deny "plaintiffs family & friends from attending his rehearing, via video." (*Id.* at 16.)

12. UDOC[9] "illegally removed Plaintiff from the jurisdiction of the Third District Court. (*Id.* at 17.)

---

[7]Also, the Court's prior Order warned Plaintiff that rude or offensive language generally does not result in a constitutional violation. *See* 42 U.S.C.S. § 1997e(e) (2021) ("No Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of a physical injury or the commission of a sexual act.").

[8]Again, "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff . . . [, does not] establish personal participation under § 1983." *Gallagher*, 587 F.3d at 1069.

[9]The prior Order warned the "Amended Complaint . . . possibly improperly names Utah Department of Corrections as § 1983 defendant, though it is not independent legal entity that can sue or be sued." (ECF No. 35, at 2.) Plaintiff

13. UDOC "falsified medical reports, information, claiming not to have medical records passed [sic] 10 years." (*Id.* at 19, 28.)

14. Central Utah Correctional Facility Medical Unit intentionally infected Plaintiff with coronavirus while drawing Plaintiff's blood. (*Id.* at 19, 30.)

15. UDOC "has withheld [Plaintiff's] mail and or throwing mail away for the purpose of a cover-up." (*Id.* at 28.)

Each of these allegations lacks an affirmative link to a named defendant, and thus these allegations are dismissed.

**ORDER**

**IT IS HEREBY ORDERED** that:

(1) Plaintiff's Second Amended Complaint, (ECF No. 380), is **DISMISSED** with prejudice, under 28 U.S.C.S. § 1915(e)(2)(B) (2021), for failure to state a claim upon which relief may be granted. Three iterations of the complaint, (ECF Nos. 4, 32, 38), and two full rounds of comprehensive guidance on curing deficiencies, (ECF Nos. 31, 35), have not resulted in any improvement in the pleading. Neither liberal interpretation of Plaintiff's claims nor opportunity to amend will lead to a different result.

(2) Plaintiff's motion for preliminary injunctive relief is **DENIED**. (ECF No. 45.) It is based on the inadequate claims dismissed here or the suggestion of new claims that are inappropriately raised in a motion for preliminary injunctive relief.

---

then deleted UDOC as a named defendant, but ignored the guidance that specific individuals must be named and linked to each alleged cause of action.

This action is **CLOSED**.

Dated January 20, 2022.

BY THE COURT:

David Nuffer
United States District Judge