THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| DANIEL HERRERA,<br><br>               Plaintiff,<br><br>v.<br><br>GARY HERBERT et al.,<br><br>               Defendants. | **MEMORANDUM DECISION & ORDER DENYING POST-JUDGMENT MOTIONS**<br><br>Case No. 4:19-CV-46 DN<br><br>District Judge David Nuffer |

        On January 20, 2022, concluding Plaintiff failed to state a claim upon which relief may be granted, the Court dismissed his case. (ECF No. 46.) To reach that conclusion, the Court combed through thirty-six pages of dense prose, unearthing the specific allegations regarding each of eight defendants and potential claims not matching up with a named defendant. Each defendant and potential claim was carefully detailed in the eleven-page dismissal order, in which the Court noted, "Three iterations of the complaint, (ECF Nos. 4, 32, 38), and two full rounds of comprehensive guidance on curing deficiencies, (ECF Nos. 31, 35), have not resulted in any improvement in the pleading. Neither liberal interpretation of Plaintiff's claims nor opportunity to amend will lead to a different result." (ECF No. 46.)

        Eleven days later, on January 31, 2022, Plaintiff submitted, "Motion for Relief from Judgment," which, based on timing, the Court construes as a motion to alter or amend the judgment, under Federal Rule of Civil Procedure 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). (ECF No. 50.) On the same

day, Plaintiff also filed a motion for this judge to recuse himself. (ECF No. 51.) The latter motion is analyzed first.

## MOTION FOR RECUSAL

Plaintiff's recusal motion is apparently based on an earlier order in this case in which this judge denied--within two days of receiving it--Plaintiff's motion for preliminary injunction. (*Id.*; ECF Nos. 45, 46.)

Judicial recusal is necessary when (1) the judge has "a personal bias or prejudice" toward a party, 28 U.S.C.S. § 144 (2022); *see also id.* § 455(b)(1) (same); or (2) an appearance of bias would arise if the judge remained assigned to the case, *see* § 455(a). Disqualification for appearance of bias must occur when "sufficient factual grounds exist to cause an objective observer reasonably to question the judge's impartiality." *United States v. Cooley*, 1 F.3d 985, 992 (10th Cir. 1993). The litigant requesting recusal must show that "a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Id.* at 993 (internal quotation marks omitted). As this is an objective standard, "[t]he inquiry is limited to outward manifestations and reasonable inferences drawn therefrom." *Id.*

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion," and when, like Plaintiff, the movant fails to assert an extrajudicial cause of bias, unfavorable rulings seldom "evidence the degree of favoritism or antagonism required" to disqualify a judge. *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997) ("[A]dverse rulings cannot in themselves form the appropriate grounds for disqualification." (internal quotation marks omitted)). Moreover, "opinions formed by the judge on the basis of facts introduced or events occurring in the course

of the . . . proceedings" do not provide a ground for recusal "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555.

Still, even as federal judges may have an obligation to recuse themselves when their impartiality could reasonably be questioned, they also have an obligation not to recuse themselves when circumstances do not require it. *See In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1312-13 (2d Cir. 1988); *see also Hutchinson v. Hahn*, No. 09-5144, 2010 U.S. App. LEXIS 24194, at *12 (10th Cir. 2010) (unpublished).

Based on the facts and law presented, this motion is entirely without merit. Plaintiff has offered no facts reasonably calling into question this judge's ability to impartially hear this case. In fact, Plaintiff's motion amounts to no more than an implication that this judge ruled against him, and did so quickly, and so therefore must be biased. This is not sufficient to trigger recusal.

### RULE 59(e) MOTION

Plaintiff suggests his motion to alter or amend the judgment should be granted based on assertions about many of his litigation activities--in this case and others--before the Court's dismissal order in this case on January 20, 2022. (ECF Nos. 46, 50.) But the dismissal order was appropriately based on the items on the docket at the time of the dismissal order; any of Plaintiff's other prior litigation activities were therefore either taken into consideration or irrelevant.

Further, Plaintiff goes on to support his motion with more of the same kind of frivolous assertions that were rejected in the dismissal order--e.g., (1) that "defendants are involved with illegally installing some sort of devices into plaintiff while unconscious . . . for the purpose of surveillancing individuals/inmates involved with illegal activity and or violating the rules of the

Utah Department of Corrections (UDOC)," which "devices are causing Plaintiff to see images of himself being harmed; sexually assaulted, sodomy, and threaten of dismemberment of body part by [UDOC] facility, officials, while asleep" [sic]; and (2) that "Plaintiff is also experiencing telepathy where it's benefitting UDOC officials, knowing the individual's witnessing documents being sent to courts, attorneys, and or state agencies." (ECF No. 50.)

A motion under Federal Rule of Civil Procedure 59(e)

> may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 2014 F.3d 1005, 1012 (10th Cir. 2000). A motion under Rule 59(e) is not to be used to rehash arguments that have been addressed or to present supporting facts that could have been presented in earlier filings. *Id.* Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

*Blake v. Jpay*, No. 18-3146-SAC, 2019 U.S. Dist. LEXIS 150310, at *4-5 (D. Kan. Sept. 4, 2019).

Plaintiff does not meet the exacting standard for relief under Rule 59(e); in other words, he has not shown (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. Plaintiff's arguments fall in the category of rehashed arguments already addressed and facts presented in earlier filings. Thus, the Court's January 20, 2022 Order and Judgment stand. (ECF Nos. 46, 47.)

**IT IS ORDERED** that:

**(1)** Plaintiff's motion for this judge to recuse himself is **DENIED**. (ECF No. 51.)

**(2)** Plaintiff's motions for alteration or amendment of judgment and to reopen this case are **DENIED**. (ECF Nos. 50, 54.) This action remains closed.

**(3)** Plaintiff's motion for copies of various records is **DENIED**. (ECF No. 55.) Plaintiff purports to request court records through GRAMA, Government Records Access and Management Act, which is a Utah state statute for requesting state records and is inapplicable here. Utah Code Ann. §§ 63G-2-201 to -208 (2022). Plaintiff also asks for court records so that he will have proof the Court did not alter his filings. Instead of supplying copies of documents, the Court assures Plaintiff that it has not altered any of his filings. In court cases, Plaintiff is responsible to keep his own copies of documents in his cases. If need be, he may even copy his documents by hand before sending them to the Court so that he has a record.

**(4) NO FURTHER MOTIONS OR FILINGS FROM PLAINTIFF WILL BE ACCEPTED BY THE COURT IN THIS ACTION. THE CLERK OF COURT SHALL RETURN TO SENDER ANY FURTHER DOCUMENTS SUBMITTED BY PLAINTIFF HERE.** This action has completely run its course and it is clear to the Court that no further filings from Plaintiff would change the Court's decision that dismissal here is **FINAL**.

DATED this 28th day of July, 2022.

BY THE COURT:

_____
JUDGE DAVID NUFFER
United States District Court